Filed 6/6/16  P. v. McCoy CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LAKEITH McCOY,<br><br>Defendant and Appellant. | B263760<br><br>(Los Angeles County<br>Super. Ct. No. MA058865) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed.

Christine C. Shaver, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant Lakeith McCoy appeals the judgment following his plea of nolo contendere to two counts of assault by a state prisoner. (Pen. Code, § 4501.) Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting this court review the record and determine whether any arguable issues exist on appeal. Appellant filed a supplemental brief. After reviewing appellant's supplemental brief and the entire record, we find no arguable issue and affirm.

## PROCEDURAL BACKGROUND

On April 4, 2013, appellant was charged with two counts of assault by a life prisoner in violation of Penal Code section 4500 (counts 1 and 2).[1] A week prior to trial, the People filed an amended information adding two counts of assault by a state prisoner in violation of Penal Code section 4501 (counts 3 and 4). It was further alleged appellant had three prior "strike" convictions (§ 667, subds. (a)(1), (b)-(i)), and three prior prison terms (§ 667.5, subd. (b)). Trial began on April 1, 2014. On April 3, 2014, the People filed a second amended information adding an allegation of great bodily injury for counts 2 and 4 (§ 12022.7, subd. (a)). At the close of trial, the court granted a motion to dismiss counts 1 and 2 under section 4500 because the People failed to introduce evidence to prove appellant was a life prisoner. The jury deadlocked 6-6 on the remaining counts pursuant to section 4501, and the court declared a mistrial.

Prior to retrial, appellant pled no contest to counts 3 and 4 under section 4501, and the court sentenced him to the agreed term of three years four months. The remaining allegations and enhancements were dismissed. Appellant filed a timely notice of appeal and was granted a certificate of probable cause.

## FACTUAL BACKGROUND[2]

On the morning of August 5, 2012, Officer Kenya Meux was working in her assigned unit in California State Prison, Los Angeles County conducting chow release when she saw appellant leave his cell without following dismissal procedures and exit the

---

[1] All statutory citations are to the Penal Code unless otherwise noted.

[2] The parties take the facts from the preliminary hearing transcript, as do we.

unit. She called his name, but he kept walking. He returned later and approached Meux in her office, telling her not to yell at him. She told him he knew the chow release procedure and she was not yelling at him. She told him to go "lock up." He began to turn as if to leave Meux's office, then without warning punched her in her right eye. She fell back onto the floor. He approached her, and she began kicking at him, although she was not sure she made contact. She tried to get up but was dizzy and her vision was blurred. She looked out the office door and saw her partner Officer Donna Huff on the ground with appellant on top of her trying to hit her. Meux hit the alarm. She could not open her eye and felt blood in it. She suffered an inner right eye orbital fracture and injuries to her neck, back, and hip. She received stitches over her right eye and continued to undergo medical treatment for her injuries.

Officer Huff was standing outside Meux's office when appellant returned from chow time. He began speaking with Meux and inching himself into her office. Huff ordered him to stop and step behind the yellow line. He complied. She then heard him tell Meux she needed to quit yelling at him. Meux acknowledged him and told him to "[g]o lock it up." He turned as if to leave. Thinking the conversation was over, Huff also turned to leave when she heard the alarm sound. She turned back and saw appellant had Meux in the corner. Huff grabbed his collar and pulled him back as hard as she could. He turned to her and said, "Okay, bitch. It's your turn now." The two fell to the ground, and he hit her numerous times in the head, chest, and upper torso as she held onto him. Within seconds, a "gunner" officer shot off a 40-millimeter round that hit Huff in the side. Appellant got off Huff and lay on the ground. Other officers responded. After getting up, Huff observed blood coming out of Meux's right eye. During the incident, Huff suffered numerous injuries.

The People introduced and the court received a certified criminal history for appellant showing a felony conviction and life sentence in 2009.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to

review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. After we advised appellant he had 30 days to submit any contentions or issues he wished us to consider, he filed a supplemental brief, raising various contentions, none of which we find meritorious.

Appellant claims he is serving a life term so he could only be convicted of violating section 4500, not section 4501. Section 4500 makes it a crime punishable with life without parole (or death if the victim dies) for a state prisoner serving a life sentence to commit assault with a deadly weapon or by any means likely to produce great bodily injury with malice aforethought. At the time of appellant's assault in this case, section 4501 made it a crime for any state prisoner to commit assault with a deadly weapon or by any means likely to produce great bodily injury, "[e]xcept as provided in Section 4500." (Stats. 2004, ch. 405, § 17, p. 3626.) Appellant correctly points out the court in *People v. Noah* (1971) 5 Cal.3d 469, 477 (*Noah*) held a previous version of section 4501 applied only to nonlife prisoners because, according to the terms of the statute then in effect, it applied to "'[e]very person confined in a state prison of this state *except one undergoing a life sentence*.'" (*Noah*, at p. 475.) Thus, "the status of a defendant as one who is serving a life sentence is a defense which he may assert if charged with violation of section 4501." (*Id.* at p. 476.) Section 4501 was amended in 2004 to delete the phrase "except one undergoing a life sentence" and add the phrase "[e]xcept as provided in Section 4500." (Stats. 2004, ch. 405, § 17, p. 3626.) The legislative materials explained this was a nonsubstantive change intended to clarify section 4501 "applies to all cases except for those covered by Penal Code section 4500." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1796 (2003-2004 Reg. Sess.) as amended Apr. 15, 2004, pp. 7-8.) Thus, it would appear that, under *Noah*, at trial appellant could have presented evidence of his status as a life prisoner as a defense to the section 4501 charges.

However, appellant pled no contest to violating section 4501, and his counsel stipulated to the factual basis for the plea. Thus, he cannot raise any questions about the

4

sufficiency of the evidence, including whether or not he was serving a life sentence. (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1363-1364.)[3]

Appellant also claims his plea to the section 4501 counts violated double jeopardy principles after the section 4500 counts were dismissed. However, the statutes punish different conduct, so double jeopardy principles were not implicated. (§ 1023; *Noah, supra*, 5 Cal.3d at p. 476 [§ 4501 is not lesser included offense of § 4500].)

Appellant next contends the phrase "[e]xcept as provided in Section 4500" in section 4501 is unconstitutionally vague. Not so. The phrase "[e]xcept as provided in Section 4500" indicates section 4501 applies to nonlife prisoners, whereas section 4500 applies to life prisoners. It therefore properly "'define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" (*People v. Heitzman* (1994) 9 Cal.4th 189, 199.)

Appellant finally argues he was subject to vindictive prosecution in response to his failure to enter a plea agreement when the prosecutor amended the information to add counts pursuant to section 4501 before the first trial and again amended the information to add great bodily injury enhancements during the first trial. A minute order indicates the parties and the court conferred about "possible settlement" before trial, but we do not have the reporter's transcript of that hearing (presuming the proceeding was held on the record). Nor do we have any other evidence to shed light on the negotiations other than appellant's subjective characterization of the prosecutor's demeanor. In any case, a prosecutor generally does not violate a defendant's constitutional rights by adding additional charges following failed pretrial plea negotiations. (*United States v. Goodwin* (1982) 457 U.S. 368, 380-383; *Bordenkircher v. Hayes* (1978) 434 U.S. 357, 365; *People v. Rivera* (1981) 127 Cal.App.3d 136, 144-148.) As for the great bodily injury enhancements, they were added more than a week after the plea negotiations apparently

---

[3]     Our conclusion is limited to the record we have before us. This does not preclude appellant from filing a habeas petition challenging his plea on this or other grounds.

ended, and the prosecutor explained he did so in response to trial testimony.  While defense counsel objected to this amendment as untimely, neither he nor the trial court raised any concern it was retaliatory for appellant refusing to settle the case.  This record does not raise a "reasonable likelihood of vindictiveness" in response to appellant's failure to agree to a plea before trial.  (Compare *In re Bower* (1985) 38 Cal.3d 865, 877 [presumption of vindictiveness arose from charging more severe crime after defendant successfully moved for mistrial at end of prosecution's case]; *Twiggs v. Superior Court* (1983) 34 Cal.3d 360, 369 [presumption of vindictiveness arose from seeking greater punishment when defendant exercised right to new trial after hung jury and mistrial].)

We have examined the entire record.  We are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.

6